THOMAS O. BULLOCK v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

1.  A person entitled by the terms of his ticket to "personal passage" on a railroad car, has not the right to carry with him packages of groceries for the use of his family.

2. The officers of the railroad company, after he enters the car, cannot lawfully take such packages from him by force.
3. The remedy of the company, after giving him notice to remove such packages from the car, and his refusal to do so, is to remove the passenger and his packages, using no unnecessary force.

On rule to show cause.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *John Linn.*

For the defendant, *McGee, Bedle & Bedle.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 28th of January, 1896, Bullock, the plaintiff, went to the Hoboken station of the defendant railroad company, intending to take passage in its cars to Dover. He had with him two tickets, entitling him to a passage, one a family ticket and the other a commutation ticket. On the family ticket there was a contract endorsed " that in consideration of the reduced rate at which the ticket was issued, wearing apparel only should be taken as baggage." On the commutation ticket the contract was " that it entitled the holder to personal passage only."

On the day named the plaintiff entered the car, carrying with him two packages containing an assortment of groceries, purchased for the use of his family. He was informed by employes of the company that he had no right to take the packages with him, and that he must remove them or get off the car himself. He declined to do either and thereupon the packages were taken from him and put in the express car and he was allowed to proceed on his journey.

This suit was brought to recover damages for this alleged injury, and the trial resulted in a verdict for the plaintiff for $1,006.

The rights of the passenger must be measured by the contract he made with the company. Whether the conditions annexed to it are reasonable is a matter of no legal importance whatever. The parties were competent to contract and made the contract for themselves, and it could not be altered or abrogated by one of the parties to it without the consent of the other. The right to personal passage clearly does not include the right to transportation of packages of groceries, and such packages are not a part of the wearing apparel. The rights of the respective parties must be adjudged upon the assumption that the railroad company was under no legal obligation to carry the passenger and the packages. The plaintiff had a qualified right—that is, a right to personal passage—and when he presented himself at the door of the car with the forbidden packages he was disqualified to demand a passage under the terms of his contract. The agreement of the company was to transport him and not to carry him and a lot of groceries. When he presented himself at the door of the car he was not within the description of the contract for transportation, and the company had a right to refuse him admittance until he removed the disqualification and applied in conformity to the terms of their undertaking. At that juncture it seems to be very clear that the company could do no more than deny admission to the plaintiff and resist his entrance into the car by such reasonable force as was necessary to prevent it.

The plaintiff had voluntarily rendered himself disentitled to exact performance of the agreement on the part of the company, but that would not have justified the company in resorting to force to separate the packages from his person and thereby remove the voluntary disqualification.

The packages were the property of the plaintiff. He had a right to the possession of them and no one could lawfully wrest them from him against his will. But he succeeded in entering the car with his packages, although he was warned that he had no right to do so. What could the company lawfully do under these circumstances?

Anything which the company might do, to be lawful, must be an act which would cast no after duty on it to the passenger in respect to such act, nor subject the company to any after liability for damages by reason of having done it.

Such after responsibility would incontestably prove that the company had overstepped the line which circumscribed its right to redress itself.

Applying this test, can the act of the company, which constitutes the alleged wrong in this case, be justified? If the company took the plaintiff's property from him against his will and removed it from the car, it became the voluntary custodian of such property, and it is not perceived how the company could escape legal liability to restore it to the plaintiff or answer for its value in damages.

The officer of the company not only took the packages without the consent of the plaintiff, but he took them by force, while the plaintiff resisted and tried to prevent it. He had no more right to resort to force to remove such property than the manager of a theatre would have forcibly to take the hat from the head of a lady who had a seat there under a contract that she would not wear a hat during the play. The remedy would be to remove the person who refuses to conform to the conditions under which the benefit of the contract can be claimed.

The presence of the plaintiff in the car did not deprive him of the right to the possession of his property. His presence there with such property was offensive to the contract; it put him in the position of any other person who had no right to remain upon the train, and subjected him to be ejected with his packages, no unnecessary force being used.

It was for the plaintiff to elect, upon being notified that he must remove his goods or leave the train, whether he would accept transportation upon the terms agreed upon.

The right of the company was to refuse to carry him under existing conditions, and it was without legal authority to resort to force to put him, against his will, in such condition that he would be entitled to his seat in the car.

Force could be legally exerted only upon the disqualified man. The forcible removal of his parcels, and the transfer of them to the express car with orders to carry them onward, was unlawful and constituted a conversion.

The trial court submitted the case to the jury with proper instructions upon this question, but, in my judgment, the damages given by the jury are excessive and unwarranted under the circumstances disclosed by the evidence.

The plaintiff himself provoked the difficulty by attempting to assert a right which he did not possess. The contract was plain and unambiguous, and he chose to resort to the forcible method of asserting an unfounded claim, and deliberately invited a conflict with the servants of the company at a time when they were compelled to act quickly. In an action for damages resulting from a mistake committed under such circumstances, the plaintiff should be strictly limited to compensation for his loss. There was manifestly no malice on the part of the company and no ground for punitive damages. The plaintiff's loss will be satisfied by paying him the value of his parcels and for the injury done to his clothing, which was slight.

The rule to show cause should be made absolute.